

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | | |
|---|---|---|---|
| CHAUNCEY FLOYD,<br>　　　Movant, | §<br>§<br>§ | | |
| vs. | § | CRIMINAL NO. | 7:04-1125-HFF |
| | § | CIVIL NO. | 7:06-1084-HFF |
| UNITED STATES OF AMERICA,<br>　　　Respondent. | §<br>§ | | |

## ORDER

**I.     INTRODUCTION**

This is a 28 U.S.C. § 2255 action. Movant is proceeding pro se.

The Court is required to construe pro se complaints and petitions liberally. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint or petition, the plaintiff or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in this federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Pending before the Court are Movant's § 2255 motion and Respondent's motion for summary judgment. Having carefully considered the motions, the responses, the record, and the applicable law, the Court is of the opinion that Respondent's motion for summary judgment be granted and Movant's § 2255 motion be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

**December 14, 2004** --A Grand Jury for the District of South Carolina filed a two count Indictment with the United States Clerk of Court. The Indictment charges the following:

> **COUNT 1**
> **THE GRAND JURY CHARGES:**
> That on or about August 2, 2004, in the District of South Carolina, [Movant] knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine, a Schedule II controlled substance;
> In violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(C).
>
> **COUNT 2**
> **THE GRAND JURY FURTHER CHARGES:**
> That on or about August 2, 2004, in the District of South Carolina, [Movant] knowingly, intentionally and unlawfully did possess with intent to distribute 50 grams or more of cocaine base (commonly known as "crack" cocaine) and a quantity of cocaine, both Schedule II controlled substances;
> In violation of Title 21, United States Code, Sections 841(a)(1), 841 (b)(1)(A) and 841(b)(l)(C).
>
> **NOTICE OF SPECIAL FINDINGS**
> THE GRAND JURY FURTHER FINDS:
> COUNT ONE: Possession with intent to distribute and distribution of cocaine
>     A.    The total quantity of cocaine attributable to [Movant] is 25 grams or more of cocaine. [U.S.S.G § 2Dl.l(a)(3)];

    B. The total quantity of "crack" cocaine attributable to [Movant] is 50 grams or more of cocaine base ("crack" cocaine). [U.S.S.G. § 2Dl.1(a)(3)];
    C. [Movant] committed the instant offense while on probation.[U.S.S.G. §4 Al.l(d)]

 COUNT TWO: Possession with intent to distribute cocaine base and cocaine
    A. The total quantity of cocaine attributable to [Movant] is 25 grams or more of cocaine. [U.S.S.G § 2Dl.l(a)(3)];
    B. [Movant] committed the instant offense while on probation. [U.S.S.G. § 4Al.l(d)]

(Indictment 1-2.)

  **March 18, 2005** --Movant appeared before this Court at which time he plead guilty to the above-referenced charges.

  **August 26, 2005** --The Court sentenced Movant to be incarcerated for 240 months as to Count 1 and 360 months as to Count 2, with the terms to run concurrently. Upon release from prison, Movant will be on supervised release for three years as to Count 1 and five years as to Count 2, with the terms to run concurrently.

  **September 23, 2005** --The Court entered judgment.

  **March 30, 2006** --Movant apparently signed his § 2255 motion.

  **April 11, 2006** -- The Clerk of Court entered Movant's § 2255 motion. (The file date in the docket is April 7, 2006).

  **May 17, 2006** -- Respondent filed its response to (and its motion for summary judgment regarding) Movant's § 2255 motion.

  **June 5, 2006** -- The Clerk of Court entered Movant's response to Respondent's motion for summary judgment.

**III.     CONTENTIONS OF THE PARTIES**

Movant asserts the following grounds in support of his § 2255 motion:

First, the district court lacked jurisdictional authority to use any prior drug convictions to enhance Movant's sentence under 21 U.S.C. §§ 841(b)(1)(c) and 841(b)(1)(A)(iii) to trigger U.S.S.G. § 4B1.1 because Respondent failed to timely file a Notice of Enhancement pursuant to 21 U.S.C. § 851(a)(1).  Second, the district court lacked jurisdictional authority to impose the mandatory minimum sentence for "Crack" cocaine base 100 to 1 ratio enhancement for "Crack" only under U.S.S.G § 2D1.1(c)(6), n.(d), pursuant to 21 U.S.C. § 841(b)(1)(a)(iii).

Third, Movant's prior state drug offenses enumerated at paragraph 27 of the Presentence Investigation Report (PSI) could not be used to enhance Movant's sentance under U.S.S.G. § 4b1.1 because this prior drug offense was never properly entered, it was still pending during his sentencing, and it was a misdemeanor offense.  Fourth, the district court erred as a matter of law when it failed to award Movant three levels downward departure for acceptance of responsibility under U.S.S.G. § 3E1.1.(a) and(b)(1)(2) (2004).

Fifth, Movant's guilty plea, conviction and sentence cannot jurisdictionally stand, but must be vacated as void because they were entered to a jurisdictionally defective federal indictment inasmuch as the indictment was void of the handwritten signature of the foreperson and the attorney for the government as mandated by Federal Criminal Procedure Rule 6(c)and 7(c)(1).  Sixth, Movant is actually innocent of the enhanced and mandatory minimum sentence imposed in this case. Seventh , Movant  was constructively denied effective assistance of counsel at every critical stage of the proceedings as guaranteed by the Sixth Amendment of the Constitution.

Respondent has moved for summary judgment on each of these grounds.

4

## IV. DISCUSSION AND ANALYSIS

### A. Ground One: Notice of Enhancement

Movant argues that the Court did not have authority to consider any of his prior drug convictions because of Respondent's failure to timely file a Notice of Enhancement under 21 U.S.C. § 851(a)(1). Given that the notice requirements set forth under 21 U.S.C. § 851(a)(a) are inapplicable in a situation such as this when the Government seeks enhancement under the Guidelines, this claim must fail. *See United States v. Foster*, 68 F.3d 86, 89 (4th Cir. 1994) ("Section 851 was never intended to extend to enhancements under the Guidelines.")

. ### B. Ground Two: Enhancement for Crack

Movant contends that the district court lacked jurisdictional authority to impose a mandatory minimum sentence for "crack" cocaine base 100 to 1 ratio enhancement for "crack" only under U.S.S.G., § 2D1.1(c)(6), n.(D) pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). It appears that Movant is arguing that because crack cocaine base is not a listed controlled substance under Title 21, he should be sentenced for cocaine powder rather than cocaine base. "[F]or the purposes of section 841, [however,] the term 'cocaine base' includes cocaine freebase, commonly referred to as crack." *United States v. Pinto* 905 F.2d 47, 50 (4th Cir. 1990). Thus, this claim is without merit.

### C. Ground Three: Prior Offense

According to Movant, his prior state drug offenses at Paragraph 27 of the PSI should not have been used to enhance his sentence. In making this argument, Movant seems to contend that his 2002 state conviction for possession with intent to distribute crack cocaine was, in effect, suspended because his probation was never revoked. Movant misapprehends the law. The state court sentenced Movant on the above-referenced charge to three years suspended to 18 months

5

probation. Thus, his sentence, not his conviction, was suspended. Thus, this argument is unavailing as to the enhancement of his sentence.

Movant also maintains that this state drug conviction was not a felony, but a misdemeanor, drug offense and, hence, should not have been employed to trigger § 4B1.1. As observed by Respondent, however, "Section 4B1.2, Definitions of Terms Used in Section 4B1.1, defines 'controlled substance offense' as 'an offense under federal or state law, punishable by imprisonment for a term exceeding one year.' In the conviction under question by [Movant], his actual sentence was three years." (Respondent's Response 7.) Therefore, this claim must also fail.

### D. Ground Four: Acceptance of Responsibility

Movant avers that the district court erred when it failed to award Movant three levels downward departure for acceptance of responsibility under U.S.S.G. § 3e1.1(a) and(b)(1)(2). He has the burden of establishing that he is entitled to the benefit of this mitigating factor by a preponderance of the evidence. *United States v. Harris*, 882 F.2d 902, 907 (4th Cir. 1989).

In support of this statement, Movant offers the following reasons that the Court should have granted a downward departure: (1) his entry of a guilty plea prior to trial, (2) his admission of his wrongful conduct comprising the charged offense, and (3) his voluntary termination, or withdrawal, "from criminal conduct or associations comprising the offense of conviction, i.e., the instant charged crime." (Movant's Memorandum in Support 14-15.)

According to the record before the Court, however, "[o]n March 28, 2005, ten days after he pled guilty, [Movant] was arrested by officers of the Spartanburg County Sheriff's Office and charged with Possession with Intent to Distribute Cocaine and Marijuana and Driving Under Suspension." (Presentence Report 5.) In that "[c]ontinuing criminal activity is the antithesis of

6

acceptance of responsibility and is an appropriate consideration in the denial of credit for the same within the scope of the sentencing guidelines[,]" *United States v. Cureton*, 53 Fed.Appx. 257, 258 (4th Cir. 2002) (citing *United States v. Franks,* 46 F.3d 402, 406 (5th Cir.1995), the Court is of the opinion that Movant is not entitled to a departure based on acceptance of responsibility. Therefore, this claim also fails.

### E. Ground Five: Indictment

Movant's states that his guilty plea, conviction and sentence cannot jurisdictionally stand, but must be vacated as void because they were entered to a jurisdictionally defective federal indictment inasmuch as the indictment was void of the handwritten signature of the foreperson and the attorney for the government as mandated by Federal Criminal Procedure Rule 6(c)and 7(c)(1). The Court has reviewed the indictment that is on file with the Clerk of Court, however, and has found that it contains the handwritten signature of the foreperson and the attorney for the Government. Therefore, the Court is of the opinion that this claim is meritless.

### F. Ground Six: Actual Innocence of Enhancement

Movant submits that he is actually innocent of the enhanced and mandatory minimum sentence imposed in this case. Because this argument has already been considered above, there is no reason to discuss it again here.

### G. Ground Seven: Ineffective Assistance of Counsel

Movant avows that he was constructively denied effective assistance of counsel at every critical stage of the proceedings as guaranteed by the Sixth Amendment of the Constitution. More specifically, Movant alleges that his attorney was ineffective in his failure to argue that (1) Movant's sentence was improperly enhanced without notice, (2) Movant's sentence was inappropriately

enhanced for crack, (3) Movant's prior state convictions were wrongfully considered in his sentence determination, and (4) the drugs and money found in Movant's possession should be supressed.

To prevail on a claim of ineffective assistance of counsel, Movant must establish: (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficiencies prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ." *Id.* at 689. To satisfy the second prong of the *Strickland* test, Movant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. When Movant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. In an instance such as that, Movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir.1988) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)).

The following colloquy between the Court and Movant occurred during Movant's guilty plea:

|  |  |
|---|---|
| THE COURT: | All right. Then, Mr. Floyd, are you satisfied or have you had an ample opportunity to discuss your case with your attorney? |
| [MOVANT]: | Yes, sir. |
| THE COURT: | Are you satisfied with Mr. Johnston's representation? |
| [MOVANT]: | Yes, sir. |
| THE COURT: | Has he done everything you've asked him to do? |

8

| | |
|---|---|
| [MOVANT]: | Yes, sir. |
| THE COURT: | Has he done anything you did not want him to do? |
| [MOVANT]: | No, sir. |
| THE COURT: | And is there anything that he needs to do for you further before we proceed? |
| [MOVANT]: | No, sir. |

(Plea Transcript 12-13) "Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea." *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992). To adopt a more lenient approach and "allow indiscriminate hearings in federal post-conviction proceedings . . . would eliminate the chief virtues of the plea system-speed, economy, and finality." *Blackledge v. Allison,* 431 U.S. 63, 71 (1977). Hence, Movant's conclusory allegations now that his counsel was ineffective are insufficient to establish this claim. Nevertheless, the Court will briefly address Movant's arguments below.

The first three grounds on which Movant bases his ineffective assistance of counsel argument have already been considered and rejected above. Therefore, in that the Court has found them to be without merit, the Court is unable to say that Movant's attorney was ineffective in not raising them earlier.

In his fourth ineffective assistance of counsel argument, Movant avers that his attorney was ineffective in his failure to file a motion to suppress. Inasmuch as Movant fails to address this issue in response to Respondent's motion for summary judgment, it appears that he has abandoned the claim. In an abundance of caution, however, the Court will discuss the allegation here.

Where a claim of ineffective assistance of counsel is based on counsel's failure to file a motion to suppress, the prejudice prong of *Strickland* requires that the movant establish that the

motion would have been granted. *United States v. Cieslowski,* 410 F.3d 353, 360 (7th Cir. 2005). Failure to raise a losing argument or pursue a futile motion to suppress does not constitute ineffective assistance. See *Whitehead v. Cowan,* 263 F.3d 708, 731 (7th Cir. 2001).

*United States v. Tart,* 1989 WL 64120, at *2 (4th Cir. 1989) provides further guidance.

> [t]rial counsel is not per se ineffective merely because he failed to file a particular motion allowed under the rules of criminal procedure. There should be a good-faith basis for any motion filed in a court. Simply filing a motion because it is permitted under the rules, without regard to its merits, is a waste of already overtaxed court resources and does a disservice to the defendant. [Movant] does not contend that any motion to suppress statements would have had any chance of success; instead, he merely asserts that trial counsel's failure to take this action was ineffective.
>
> . . .
>
> There is no indication from this record that any motion to suppress them would have been successful. Having failed to demonstrate any prejudice resulting from trial counsel's failure to file pretrial suppression motions, [Movant] is not entitled to relief.

*Id*. The Court is presented here with a similar situation, except that Mr. Tart had a trial and here, Movant pled guilty. Nevertheless, Movant has failed to demonstrate that a motion to suppress would have been successful in this instance. In fact, he does even allege that such motion would have been successful. Hence, Movant is not entitled to relief on this claim either.

### H. Other Arguments

In Paragraph 11(d) of his § 2255 motion, Movant claims that he did not file a direct appeal "[b]ecause defense counsel advised [him that he did not have the] right to appeal once [he] enter[ed] a guilty plea to a federal indictment." (Motion ¶ 11(d).) Respondent did not respond to this

10

contention. To the extent that this is construed as a grounds for a establishing an ineffective assistance of counsel claim, however, this argument must fail.

First, such statement is "so palpably incredible, so patently frivolous or false as to warrant summary dismissal." *Blackledge,* 431 U.S. at 76. Second, even assuming that Movant's counsel told him that he did not have the right to appeal his guilty plea, the Court informed Movant otherwise: "You have 10 days in which to file any notice of intent to appeal should you choose to do so." (Sentencing Transcript 10.) Thus, because the information given by the Court at the sentencing hearing corrected the alleged erroneous information given by Movant's counsel, the criminal justice system must be able to rely on the dialogue between the Court and Movant. *See United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992). Therefore, to the extent that this contention can be said to be one of the bases that Movant sets forth for relief pursuant to § 2255, such ground is without merit.

The Court has considered Movant's remaining claims and finds them also to be without merit. Therefore, the Court will enter judgment accordingly.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and Movant's § 2255 is **DENIED**.

**IT IS SO ORDERED**.

Signed this 26th day of August, 2008, in Spartanburg, South Carolina.

                                            s/ Henry F. Floyd
                                            HENRY F. FLOYD
                                            UNITED STATES DISTRICT JUDGE

**\*\*\*\*\***

**NOTICE OF APPEAL**

Movant is hereby notified of the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.